[No. 999.  Decided November 24, 1893.]

## ALICE S. McCAIN, *Appellant*, v. FLORENCE E. GIBBONS, *Respondent.*

LIMITATION OF ACTIONS—ACTION ARISING BETWEEN NON-RESIDENTS
—WHEN DOMICIL OF HUSBAND AND WIFE NOT THE SAME.

Where a married woman, after the removal of her husband to this state, remained in Dakota for the purpose of settling up the affairs of her separate property, preparatory to following him, she cannot, under Code Proc., § 133, maintain an action in this state for the wrongful taking and detention of personal property in Dakota by a resident there, when such action is barred by the laws of that state, as, under the laws giving a married woman complete control of her separate property, her residence does not necessarily follow the domicile of her husband.

*Appeal from Superior Court, Pierce County.*

*Stevens, Seymour & Sharpstein,* for appellant.

*W. W. Likens,* for respondent.

The opinion of the court was delivered by

STILES, J.—This was an action for the wrongful taking and detention of personal property, which is by the law of this state barred in three years (Code Proc., § 115, sub. 2); and the acts complained of occurred December 10, 1888. The action was commenced March 21, 1892, and a demurrer to the complaint was sustained. Of this ruling the appellant complains because the transaction took place in the Territory of Dakota when respondent was a resident of that territory, and appellant was a resident of Washington. It is said that the Dakota statute of limitations on this subject is the same as our own, and both parties assume this, and no point is made that the plea of the statute of limitations of a foreign state should be taken by answer, and not by demurrer.

The question is therefore before us whether Code Proc., § 133, ought to apply to this case. That section reads as follows:

"When the cause of action has arisen in another state, territory or country between non-residents of this state, and by the laws of the state, territory or country where the action arose an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state."

Now the facts, as shown by the complaint, are, that appellant was a married woman whose husband had become a resident of Washington; but she had remained in Dakota, only temporarily sojourning there for the purpose of closing up certain of her business affairs. The property taken was the separate property of appellant, and was in no wise liable for the debts of the husband, and could not lawfully be taken in execution against him; but it was so taken by respondent. It consisted, in part, of the furniture of a house formerly occupied, and then temporarily occupied, by appellant, as aforesaid. We think it may be fairly inferred that appellant and her husband had been residents of Dakota, and that the husband had removed to this state, leaving his wife to settle up her affairs and then follow him here. Respondent was a resident of Dakota, and had never been in this state, but jurisdiction was sought to be obtained by the attachment of property of hers which was found here.

But for the statute above quoted the action could be maintained here; and it seems to us the vital question is, whether a married woman's residence follows that of her husband so that as to her separate property she is not bound by the statute of limitations of the place where both she and the property are at the time it is taken from her possession. Formerly it is altogether likely that the question of residence or domicile might have cut a considerable

figure in such a case as this, because a married woman had no legal existence apart from her husband, except in some very limited particulars. But since the rise of the modern statutes on the subject of married women and their property, there is very little left of the marriage relation, which was the thing formerly so jealously guarded by courts, but certain personal duties of the spouses to each other. In Dakota, and in this state, so far as their separate property rights are concerned, husband and wife are the same as if they were unmarried, and there seems to be no good reason, or indeed any reason at all, why the wife who remains in Dakota, and has her actual residence there, after her husband has gone to another state, should not continue to be liable to all of the laws of Dakota, just as though she were single, in all matters affecting her separate property rights. Sec. 2600 of the Compiled Laws of Dakota (1887) puts the independence of married women into even stronger language than our own statutes.

We, therefore, hold that the demurrer was properly sustained, and affirm the judgment.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.